UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROCK STRATTON, ET AL., | |
| Plaintiffs, | No. 2:23-cv-00964-TLN-CSK |
| v. | **ORDER** |
| OROVILLE CITY ELEMENTARY SCHOOL DISTRICT, ET AL., | |
| Defendants. | |

    This matter is before the Court on Defendants Oroville City Elementary School District and Kimberly Tyler's ("District Defendants") Motion to Set Aside Default Judgment. (ECF No. 54.) Plaintiffs Brock Stratton, Nicole Stratton, and C.S., a minor by and through his guardian ad litem, ("Plaintiffs") filed a notice of non-opposition. (ECF No. 56.) For the reasons set forth below, the Court GRANTS District Defendants' Motion.

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recite the factual and procedural history of the instant matter, as it is set forth in the Court's prior order. (ECF No. 47.) Relevant here, on March 18, 2025, the Court issued an order dismissing Plaintiffs' First Amended Complaint in part. (*Id.*) At the end of the order, the Court stated, "[i]f Plaintiffs opt not to file an amended complaint, the action will proceed only on the claims not dismissed above, and Defendants shall file their answer no later than twenty-one (21) days from Plaintiffs' deadline for filing an amended complaint." (*Id.* at 26.) After the Court issued its order, Plaintiff did not file an amended complaint, and District Defendants failed to file an Answer within the ordered timeframe. Plaintiffs then requested entry of default as to District Defendants, (ECF No. 49), which the Clerk of Court entered on May 30, 2025 (ECF No. 51). On June 12, 2025, District Defendants filed the instant motion to set aside default. (ECF No. 54.)

## II. STANDARD OF LAW

A clerk's entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Although the "good cause" standard is the same that applies to motions to set aside default judgment under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context." *Id.* at 1091 n.1 (internal quotations and citations omitted); *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (finding district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment). The Court addresses the three "good cause" factors below.

## III. ANALYSIS

District Defendants' counsel takes full responsibility for missing the deadline to file an answer to the First Amended Complaint and argues there is good cause to set aside the default. (ECF No. 54 at 4.) Plaintiffs do not oppose the motion, but requests the Court clarify the

2

scheduling order. (ECF No. 56 at 2.) In light of the non-opposition, the Court only briefly considers the three "good cause" factors below before turning to Plaintiffs' request for clarification.

### A. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (emphasis in original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). Here, District Defendants' counsel states she mistakenly failed to calendar the appropriate deadlines and failed to catch the mistake due to personal and family medical issues combined with an impacted schedule of appearances. (ECF No. 54-1 at 5–6.) District Defendants' counsel argues that while the failure to file an answer was clearly negligent, the failure to file was not intentional nor done to delay or interfere with the judicial process. (*Id.* at 7.) In light of the non-opposition and finding no reason to conclude otherwise, the Court finds this factor weighs in favor of setting aside the default judgment.

### B. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI Group*, 244 F.3d at 700 (citations omitted). "But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Id.* All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question of whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. *Id.* Rather, that question "would be the subject of the later litigation." *Id.*

Here, District Defendants argue the video evidence discounts Plaintiffs' excessive force claim, and the disability discrimination claims as pled are barred by a Settlement Agreement. (*Id.* at 8–9.) While the Court refrains from ruling on these defenses at this time, it finds District Defendants have provided sufficient facts which could constitute a defense if proven true. Thus, this factor also weighs in favor of setting aside default judgment.

### C. Prejudice

Finally, a court may refuse to set aside an entry of default if doing so would prejudice the other party. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701.  Only tangible harm, such as the loss of evidence, complication of discovery, or the risk of fraud, will support the denial of a motion to set aside the entry of default. *Id.*  A party is not prejudiced simply because it must litigate its claims on the merits. *Id.*

District Defendants argue setting aside default will not prejudice Plaintiffs because it merely returns the parties to the status quo of May 29, 2025, no discovery has been served, no case management order is in place, and the pleadings have only been settled for less than two months. (ECF No. 54-1 at 10.)  Plaintiffs do not disagree they will not be prejudiced but note that initial disclosures have been served, and an Initial Pretrial Scheduling Order has been issued. (ECF No. 56 at 2.)  Again, in light of the non-opposition, the Court finds no reason Plaintiffs will be prejudiced by setting aside the default judgment.  Thus, this final factor weighs in favor of setting aside the default judgment.  The Court also notes that Plaintiffs are correct that an Initial Pretrial Scheduling Order has been issued. (ECF No. 3.)

Accordingly, the Court GRANTS District Defendants' motion to set aside entry of default.  (ECF No. 54.)

### D. Scheduling Order

Plaintiffs request this Court clarify the scheduling order in place and confirm several deadlines calculated pursuant to that order. (ECF No. 56 at 2.)  As stated above, the Initial Pretrial Scheduling Order has been issued in the instant matter and states that all discovery, with the exception of expert discovery, shall be completed no later than two hundred forty (240) days from the date upon which the last answer may be filed with the Court. (ECF No. 3 at 2.)  Because the Court now grants District Defendants' motion to set aside the entry of default and allows District Defendants to file a responsive pleading to Plaintiffs' First Amended Complaint, the Court clarifies that all remaining deadlines in the Initial Pretrial Scheduling Order shall be calculated based on the date on which District Defendants' answer may be filed with the Court.

4

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS District Defendants' Motion to Set Aside Entry of Default. (ECF No. 54.) District Defendants shall file a responsive pleading to Plaintiffs' First Amended Complaint (ECF No. 30) not later than seven (7) days from the electronic filing date of this Order. Should District Defendants not timely file a responsive pleading, Plaintiffs may file a new request for default judgment. Further, as stated above, all remaining deadlines in the Initial Pretrial Scheduling Order shall be calculated based on the date on which District Defendants' answer may be filed.

IT IS SO ORDERED.

Date: August 27, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE